IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2160-FL

| | | |
|---|---|---|
| BRODERICK JERMAINE MCLAURIN, | ) ) ) | |
| Petitioner, | ) ) ) | ORDER |
| v. | ) ) | |
| FRANK L. PERRY and CYNTHIA THORNTON, | ) ) ) | |
| Respondent. | ) ) | |

This matter came before the court on respondent's motion to dismiss (DE 9) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On December 14, 2000, petitioner pleaded guilty, in the Cumberland County Superior Court, to second-degree murder,[2] two counts of assault with a deadly weapon with intent to kill inflicting serious injury, and one count of assault with a deadly weapon with intent to kill. (Pet. Attach. pp. 49-59.) The state court sentenced petitioner, pursuant to the terms of his plea agreement, to

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

[2] Petitioner contends that he initially was charged with first-degree murder and that his first-degree murder charge was not dismissed. See (Pet. p. 14.) The record, however, does not reflect that petitioner was convicted of first-degree murder. See (id. pp. 49-59.)

consecutive terms of 170-213, two terms of 90-117 months imprisonment, and 24-38 months imprisonment. (Id.) Petitioner did not file a direct appeal.

On May 28, 2014, petitioner filed a motion for appropriate relief ("MAR") in the Cumberland County Superior Court. (Pet. Attach. p. 14.) The superior court denied petitioner's MAR on May 30, 2014. (Id. p. 10.) On June 5, 2014, petitioner filed a motion for reconsideration of his MAR in the superior court, which was denied on June 16, 2014. (Id. pp. 2-3.) On July 8, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on July 17, 2014. (Id. p. 1.)

On July 18, 2014,[3] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raised the following claims in his habeas petition: (1) he is entitled to the retroactive application of amendments to the Structured Sentencing Act ("SSA") grids under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (2) he received a sentence that was grossly disproportionate to his crimes in violation of the Eighth Amendment; (3) he received ineffective assistance of trial counsel in violation of the Sixth Amendment; and (4) his plea of guilty was invalid, unknowing, and unintelligent. Respondent subsequently filed a motion to dismiss, arguing that petitioner's action is time-barred. The motion was fully briefed.

---

[3] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated July 18, 2014, but filed on July 22, 2014, to be filed on July 18, 2014. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

**DISCUSSION**

A.  Motion to Dismiss

  1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the petitioner," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

  2.  Analysis

Respondent argues that petitioner's action is time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

> B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Section 2244(d)(1)'s one-year period of limitation may be applied on a claim by claim basis. See Pace v. Digugliemo, 544 U.S. 408, 416 n.6 (2005). The court begins with petitioner's claims relating to retroactive application of amendments to the SSA and the Justice Reinvestment Act for which § 2244(d)(1)(D) provides the appropriate statute of limitation accrual date. The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)). In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

The SSA amendments became effective on December 1, 2009, and the Justice Reinvestment Act became effective on December 1, 2011. See N.C. Gen. Stat. § 15A-1340.17 (2009), (2011). Accordingly, the statute of limitations period began to run on December 1, 2009, for petitioner's claims pursuant to the SSA, and began to run on December 1, 2011, for petitioner's claims pursuant to the Justice Reinvestment Act. The applicable statutory periods then ran for 365 days until the statutory period for petitioner's claim pursuant to the SSA expired on December 1, 2010, and the statutory period for his claim pursuant to the Justice Reinvestment Act expired on December 1,

4

2012. Petitioner filed this action on July 18, 2014, which is well after the expiration of both statutory periods.

As for petitioner's remaining claims, § 2244(d)(1)(A), the date on which the judgment became final, provides the appropriate statute of limitation accrual date. Judgment in this case was entered on December 14, 2000. Petitioner, thereafter, had 10 days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a) (amended October 18, 2001, to allow 14 days to file notice of appeal). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on Tuesday December 26, 2010. As a result, petitioner's one-year statutory period began to run on December 26, 2010, and ran for 365 days until it expired on December 26, 2011.

Petitioner's May 28, 2014, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271(4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution

5

of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling because his indictment is facially invalid for every charge. Petitioner pleaded guilty to the instant offenses, and a valid guilty plea constitutes an admission of the material elements of the offense, McCarthy v. United States, 394 U.S. 459, 466 (1969), and a waiver of all non-jurisdictional defects that occurred prior to entry of the plea. Tollett v. Henderson, 411 U.S. 258, 265 (1973). Petitioner, additionally, is not entitled to equitable tolling on this ground because he had the ability to discover any alleged defects in his indictments at the time he pleaded guilty to the instant offenses. Petitioner has not explained his approximately 13 year delay in raising such challenge in his May 30, 2014, MAR. Accordingly, petitioner has not set forth sufficient extraordinary circumstances to justify equitable tolling on this ground.

Petitioner also contends that he is entitled to equitable tolling because he did not receive the discovery, including exculpatory evidence, necessary to pursue his self-defense claim until March 2014. Petitioner, however, was aware of whether he acted in self-defense on the date he pleaded

6

guilty, and has not explained his failure to pursue his self-defense claim prior to May 2014. Finally, aside from conclusory allegations, petitioner has not alleged the existence of any exculpatory evidence to support his self-defense claim. Thus, petitioner has not set forth sufficient extraordinary circumstances to justify equitable tolling on this ground. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165–66 (1996).

Petitioner next claims he is entitled to equitable tolling because he did not have access to a law library and because he did not have legal experience. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); see also, Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling). Based upon the foregoing, petitioner is not entitled to equitable tolling on this ground.

Petitioner further contends that he is entitled to equitable tolling because he received ineffective assistance of counsel both pretrial and after his conviction and sentence. Generally, ineffective assistance of counsel does not warrant equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); but cf. Holland v. Florida, 560 U.S. 631 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States

7

v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

Petitioner asserts his trial counsel was ineffective because he failed to advise petitioner of his right to appeal his conviction and sentence. Petitioner, however, does not provide any facts to explain how his failure to file a notice of appeal prevented him from complying with the one year statute of limitation for his § 2254 petition. See United States v. Bear, No. 1:06CR00018, 2:05CR00029, 2010 WL 2773309, *2–3 (W.D.Va. 2010), appeal dismissed, 397 F. App'x 877 (4th Cir. 2010); see also, Van Horn v. Ballard, No. 1:10cv80, 2010 WL 5872405, at *3 (N.D. W. Va. Aug. 27, 2010) ("As to the petitioner's claim that the one-year limitation should be equitably tolled because counsel failed to file a direct appeal, the respondent asserts that even if that were true, counsel's failure to file a direct appeal did not prevent the petitioner from filing a timely federal habeas petition and equitable tolling is not warranted."). Petitioner's remaining vague and conclusory allegations of ineffective assistance of counsel are insufficient to establish that the alleged negligence in this case was anything other than a "garden variety claim of excusable neglect." Oriakhi, 394 F. App'x at 977. Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground.

Petitioner finally contends that he is entitled to equitable tolling because the post-conviction court failed to grant an evidentiary hearing and to appoint counsel pursuant to the United States

8

Case 5:14-hc-02160-FL   Document 14   Filed 07/09/15   Page 8 of 12

Supreme Court's rulings in Martinez v. Ryan, __U.S. __, 132 S.Ct. 1309 (2012), Trevino v. Thaler, __ U.S. __, 133 S.Ct. 1911 (2013). Martinez and Trevino are inapplicable to the determination of timeliness under AEDPA's one-year statute of limitations because they each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (declining to extend Martinez and Trevino rules to time-barred § 2254 petitions); see also, Wilson v. Perry, No. 1:14-CV-576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) ("*Martinez* and *Trevino* each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. Thus, *Martinez* and *Trevino* are inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations.""), appeal dismissed, 588 F. App'x 216 (4th Cir. 2014). Thus, petitioner is not entitled to equitable tolling on this ground.

In addition to his equitable tolling claims, petitioner contends that his action is not time-barred because he is actually innocent of the offenses at issue. Recently, the Supreme Court recognized in McQuiggin v. Perkins, ––– U.S. ––––, ––––, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, ––– U.S. at ––––, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful,"

9

Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner makes vague and conclusory allegations that he is actually innocent of his murder conviction because he acted in self-defense. Petitioner, however, has not set forth any new or reliable evidence establishing his actual innocence or any justifiable explanation for his delay in raising his actual innocence claim. Petitioner's conclusory allegations are insufficient to excuse his procedural default. See Nickerson, 971 F.2d at 1136; see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013) ("Here, petitioner's conclusory arguments that new evidence of some ill-defined "fraud" by the Commonwealth undermines the validity of his convictions,[] falls far short of meeting this exacting standard. Therefore, petitioner's reliance on *McQuiggin* to overcome the untimeliness of this petition is unavailing."), appeal dismissed, 591 F. App'x 217 (4th Cir. 2015). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

10

reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 9) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 9th day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge